

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2008

# Hinman v. Russo

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3814

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Hinman v. Russo" (2008). *2008 Decisions.* Paper 1772.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1772

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3814

EMRETTA HINMAN;
WILLIAM HINMAN,

Appellants

v.

M.D. JOSEPH DELLO RUSSO;
NEW JERSEY EYE CENTER;
JOHN DOES 1-10;
ABC CORPORATIONS 1-10

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil  No. 03-CV-00768)
District Judge: Honorable William G. Bassler

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 8, 2008

Before: FISHER, HARDIMAN AND ALDISERT, Circuit Judges

(Filed  January 10, 2008 )

OPINION

ALDISERT, Circuit Judge

Because we write exclusively for the parties and the parties are familiar with the facts and proceedings below, we will not revisit them here.

I.

Informed consent concerns a physician's duty "to disclose to a patient information that will enable [the patient] to 'evaluate knowledgeably the options available and the risks attendant upon each' before subjecting that patient to a course of treatment." Matthies v. Mastromonaco, 733 A.2d 456, 461 (N.J. 1999) (quoting Perna v. Pirozzi, 457 A.2d 431, 438 (N.J. 1983)). In New Jersey, claims of medical malpractice and failure to obtain informed consent are "sub-groups of a broad claim of medical negligence." Howard v. Univ. of Med. and Dentistry of N.J., 800 A.2d 73, 77 (N.J. 2002) (quoting Teilhaber v. Greene, 727 A.2d 518, 523 (N.J. Super. Ct. App. Div. 1999)). Under New Jersey law,

> [t]o establish a prima facie case for medical negligence premised on a theory of liability for lack of informed consent, a plaintiff must show (1) the physician failed to comply with the [reasonably-prudent-patient] standard for disclosure; (2) the undisclosed risk occurred and harmed the plaintiff; (3) a reasonable person under the circumstances would not have consented and submitted to the operation or surgical procedure had he or she been so informed; and (4) the operation or surgical procedure was a proximate cause of plaintiff's injuries.

Id. at 79 (quoting Teilhaber, 727 A.2d at 524).

Here, we are satisfied that Ms. Hinman gave informed consent to Dr. Dello Russo

2

to perform the LASIK procedure. In addition, we are satisfied that under existing New Jersey law Dr. Dello Russo was not required to provide Ms. Hinman with a copy of the Patient Information Booklet in order to obtain her informed consent. The testimony at trial revealed that Ms. Hinman discussed the risks of the procedure with Dr. Dello Russo and a nurse on his staff. The consent form signed by Ms. Hinman indicated that she was fully aware of the risks of the procedure, that she had obtained satisfactory answers to all of her questions and concerns regarding the procedure, and that she had rejected alternatives to the LASIK procedure. Additionally, the Hinmans presented no evidence that Dr. Dello Russo's failure to provide her with the Patient Information Booklet was a proximate cause of her injuries. The form signed by Ms. Hinman detailed the risks of the procedure, and the risks discussed on the consent form were substantially similar to those discussed in the Patient Information Booklet.

Therefore, exercising plenary review, we are satisfied that the District Court did not err in denying the Hinmans' motion for judgment as a matter of law and did not abuse its discretion in denying the Hinmans' motion for new trial. W.V. Realty, Inc. v. N. Ins. Co., 334 F.3d 306, 311 (3d Cir. 2003). We also deny the Hinmans' motion to certify the question to the New Jersey Supreme Court.

## II.

We are similarly satisfied that the District Judge did not abuse his discretion by denying the Hinmans' motion to recuse. Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.

3

1987). A judge must recuse himself if "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd. and Springfield Assocs., LLC, 353 F.3d 211, 220 (3d Cir. 2003) (citing 28 U.S.C. § 455(a)). A judge must also recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Here, the District Judge explained on the record that, after two days of trial, he learned from his independent, adult daughter that she obtained the services of Dr. Dello Russo for a LASIK procedure approximately four years prior to the trial. Upon learning this, the District Judge terminated the conversation. The District Judge had no independent recollection of his daughter's decision to use Dr. Dello Russo for the procedure and took no part in her decision to do so. We are thus satisfied that the District Judge did not abuse his discretion in denying the motion to recuse because a reasonable person with knowledge of these facts would not reasonably question his impartiality nor did he have knowledge of any disputed facts of this case, namely whether Dr. Dello Russo obtained Ms. Hinman's informed consent for her procedure.

### III.

Finally, the Hinmans argue that the District Court's instruction to counsel regarding Ms. Hinman's behavior on the witness stand warrants a new trial. Because the Hinmans' failed to object to the instruction at trial, we apply the plain error standard of

review. <u>Ryder v. Westinghouse Elec. Corp.</u>, 128 F.3d 128, 136 (3d Cir. 1997). Applying the precepts of plain error review, <u>see</u> <u>United States v. Olano</u>, 507 U.S. 725, 732-734 (1993), we do not find it unreasonable for the District Court to seek to have the jury evaluate evidence presented by a level and composed witness. The written transcript reveals that the District Court did not want the jury to be manipulated by appeals to emotion and sympathy and therefore sought to curb what it perceived to be Ms. Hinman's excessive crying. The transcript indicates that the jury was excused from the courtroom prior to the District Court's instruction. The exchange between the District Court and counsel for the Hinmans also suggests that Ms. Hinman was not present in the courtroom and therefore was not intimidated or otherwise influenced by the instruction. Thus, we are satisfied that no error that affected the outcome of the proceedings occurred.

We have considered all of the contentions raised by the parties and have concluded that no further discussion is necessary.

Accordingly, the judgment of the District Court will be affirmed.